IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nancy Woods, et al.,                                        Case No. 3:09CV2412

          Plaintiffs

v.                                                                    ORDER

Linnie Willis, et al.,

          Defendants

This is a suit under 42 U.S.C. § 1983 by present and former recipients of benefits under the Housing Choice Voucher Program (Program) of § 8 of the U.S. Housing Act of 1937 (Housing Act), 42 U.S.C. § 1437f. Defendants administer the Section 8 program in which the plaintiffs participate and participated.

Jurisdiction is proper under 28 U.S.C. § 1331.

In my September 27, 2010 order granting in part and denying in part defendants' motion to dismiss, I held that plaintiff Carla McCullough lacked standing to challenge defendants' actions. *Woods v. Willis*, 2010 WL 3808279 (N.D.Ohio).

Pending is plaintiff McCullough's motion for certification of final judgment. [Doc. 31]. For the reasons given below, the motion is denied.

**Background**

McCullough was a named plaintiff in a complaint seeking, *inter alia*, class certification to proceed with a class action against the administrators of the Lucas County, Ohio, Metropolitan

Housing Authority's (LMHA) Section 8 housing program. Plaintiffs are Lucas County residents who have participated in the Program. They allege the defendants illegally deprived them of their property interest in the Program without due process and in violation of federal law.

McCullough's underlying claims stem from LMHA's termination of her voucher in 2008 on its determination that she was over-income. [Doc. 28, at 4]. LMHA informed her by letter of this determination and that she had until September 12, 2008, to request a hearing. *Id*. at 5. McCullough did not receive the letter until September 17, when a neighbor told her she had a letter intended for McCullough. McCullough immediately submitted a written request for a hearing, explaining why she missed the deadline. *Id*.

In January 2009, McCullough spoke with her caseworker about the problem and requested assistance. The caseworker contacted LMHA and explained that McCullough had a defense to the over-income allegation and wanted a hearing to explain the situation. *Id.* A LMHA representative told the caseworker that he would review McCullough's file and let her know if a hearing were necessary. McCullough never received a hearing. *Id.*

In a September 27, 2010, order granting in part and denying in part defendants' motion to dismiss, I held that McCullough did not have standing to challenge defendants' actions because "her time for requesting a hearing had passed and she thus did not have the requisite injury required for standing." *Woods*, *supra*, 2010 WL 3808279, *3 n.1.

McCullough wants to appeal dismissal of her claims. She requests certification of the dismissal as a final judgment.

**Discussion**

Rule 54(b) of Federal Rules of Civil Procedure allows immediate review of certain district court orders before entry of final judgment as to all matters in dispute. Fed.R.Civ.P. 54(b); *see*, *e.g.*, *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 3 (1980); *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 742-43 (1976); *Sears Roebuck & Co. v. Mackey*, 351 U.S. 427, 435 (1956).

"Although Rule 54(b) relaxes the traditional finality requirement for appellate review, it does not tolerate immediate appeal of every action taken by a district court." *Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir.1994). The rule is, though, "designed to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Id.* at 1027.

That said, the rule is reserved for the "infrequent harsh case," *Rudd Constr. Equip. Co., Inc. v. Home Ins. Co.,* 711 F.2d 54, 56 (6th Cir.1983); *see also Elliott Co. v. Liberty Mut. Ins. Co.*, 2007 WL 987318, *4 (N.D.Ohio), aff'd on other grounds*, 2009 WL 750780 (6th Cir.) (unpublished disposition), and is "not to be used routinely or as a courtesy or accommodation to counsel." *Manor Care, Inc. v. First Specialty Ins. Corp.*, 2006 WL 3097193, *1 (N.D.Ohio). Ultimately, the district court has discretion whether to certify a claim for immediate appeal. *Schemmer v. ChartONE, Inc.*, 2007 WL 2344751, *1 (N.D. Ohio).

Rule 54(b) certification involves a two-step inquiry. *Gencorp, Inc. v. Olin Corp.*, 390 F.3d 433, 442 (6th Cir. 2004). First, the court's decision must represent its final judgment with regard to one of the party's claims. *Curtiss-Wright*, *supra*, 466 U.S. at 7. Because I have held that McCullough lacks standing, the order is a final judgment as to her claims.

Second, I "must determine whether 'the needs of the parties' outweigh the efficiency of having one appeal at the conclusion of the case in its entirety, and [I] must spell out [my] reasons for concluding that prompt review is preferable." *Gencorp*, *supra*, 390 F.3d at 442.

The Sixth Circuit has a non-exhaustive list of factors to consider in making a Rule 54(b) determination:

> 1) the relationship between the adjudicated and unadjudicated claims; 2) the possibility that the need for review might or might not be mooted by future developments in the district court; 3) the possibility that the reviewing court might be obliged to consider the same issue a second time; 4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; 5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Akers v. Alvey*, 338 F.3d 491, 495 (6th Cir. 2003) (quoting *Corrosioneering, Inc. v. Thyssen Envtl. Sys., Inc.*, 807 F.2d 1279, 1283 (6th Cir. 1986)).

McCullough claims an appeal now will not affect other plaintiffs, and she cannot be affected by any further ruling on the claims in this case. She argues that her standing is sufficiently distinct from the remaining issues to avoid the risk of duplication or being mooted by future developments.

The nature of the judgment McCullough seeks to appeal is undoubtedly "such that no appellate court [will] have to decide the same issues more than once even if there are subsequent appeals." *Curtiss-Wright*, *supra*, 446 U.S. at 8. Standing, however, is not the determinative issue in McCullough's underlying claims, which are closely related to the remaining claims of plaintiffs still a part of this litigation. The parties have yet to file dispositive motions, and the course of this litigation will affect—and potentially moot—McCullough's substantive claims against defendants, even if she has standing. The interests of judicial economy and need to avoid piecemeal litigation recommend against a final judgment certification at this time.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT plaintiff McCullough's motion for certification of final judgment [Doc. 31] be, and the same hereby is denied.

So ordered.

s/James G. Carr<br>U.S. District Judge